UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV495-J

TERESSA L. JONES                                                                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Teressa L. Jones ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On December 20, 2001, Claimant filed application for supplemental security income payments based on her leukemia. Her benefits were terminated in January 2005 because her leukemia was in remission. She seeks continuation of benefits. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's leukemia in remission, degenerative disc disease of the cervical and thoracic spine, lymphedema, carpal tunnel syndrome and major depression were severe impairments that prevented her from performing any of her past relevant work. However, the ALJ further found that she retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on May 15, 2009.

1

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to accept her treating physician's opinion that she needs to use a cane. The vocational expert testified that she could not perform the identified jobs if she were required to use a cane. The record includes a January 17, 2007 progress note in which Ms. Jones' chief complaint is recorded as "I need a cane." Tr. 553. She reported at that time that her back spasms were getting worse.

The ALJ stated that "the claimant was recently prescribed a cane." However, the exhibit cited in support of that statement is Ms. Jones' January 2007 request. The Court is unable to see in the cited exhibit (23F) a prescription for a cane or direction for her to use one; consequently, it does not appear that there is a "treating physician opinion" on this matter. Even more significant is the fact that Ms. Jones does not point to medical evidence supporting her claim of the necessity of a hand-held assistive device. The Court finds no error.

Ms. Jones next contends that the ALJ erred in conducting his evaluation of the extent to

2

which he would credit her testimony. It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ noted that Ms. Jones drives on a daily basis and she cooks and cares for her disabled father. Her treatment for her back pain has been conservative, and she has been observed

to have normal motor function and normal gait. Tr. 29.

It is irrelevant whether this Court or any other finder of fact would have reached a different conclusion. The ALJ applied the correct standard of law and provided reasoning showing that he considered the appropriate factors. Under those circumstances, the Court is required to affirm.

An order in conformity has this day entered.